THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Terrance D. Johnson, Appellant.
 
 
 

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No.  2011-UP-411  
 Submitted August 15, 2011  Filed August
29, 2011

AFFIRMED

 
 
 
 Chief Appellate Defender Robert M. Dudek,
 of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of
 Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.
 
 
 

PER CURIAM: Terrance D. Johnson appeals his conviction for
 trafficking cocaine, arguing the trial court erroneously denied his motion to
 suppress the evidence found in his car because the circumstances of stopping
 his car and detaining him mandated suppression, and the "discovery of the
 gun and drugs were part and parcel of the same stop and detention."  We affirm.[1]
"In criminal cases, the
 appellate court sits to review errors of law only" and is "bound by
 the trial court's factual findings unless they are clearly erroneous."  State
 v. Butler, 353 S.C. 383, 388, 577 S.E.2d 498, 500 (Ct. App. 2003) (citations
 omitted).  The appellate court applies the same standard of review to
 preliminary factual findings in determining the admissibility of evidence in
 criminal cases.  Id.  "Our review in Fourth amendment search and
 seizure cases is limited to determining whether any evidence supports the trial
 court's finding."  Id. (citation omitted).
"Where probable cause
 exists to believe that a traffic violation has occurred, the decision to stop
 the automobile is reasonable per se."  State v. Williams, 351 S.C.
 591, 598, 571 S.E.2d 703, 707 (Ct. App. 2002) (citing Whren v. United States,
 517 U.S. 806, 809-10 (1996)).  Police presence "does not, standing alone,
 constitute a seizure" when a reasonable person would believe he is free to
 "go about his business."  Michigan v. Chesternut, 486 U.S.
 567, 575-76 (1988) (citations omitted).  "[A]ny
 object falling within the plain view of a law enforcement officer who is
 lawfully in a position to view the object is subject to lawful seizure."  State
 v. Abdullah, 357 S.C. 344, 352, 592 S.E.2d 344, 349 (Ct. App. 2004). 
The trial court properly denied Johnson's motion to suppress
 the evidence found in his car.  Evidence in the record supports the trial court's
 finding that the stop was lawful and it ended.  A police officer stopped
 Johnson in the parking lot of a flower shop for a license plate violation.  After
 a stop of at most fifteen minutes, the officer gave Johnson a verbal warning,
 told him he was free to go, and Johnson exited his car and entered the flower
 shop.  Johnson's departure from the police's presence and entrance into the
 flower shop is evidence he felt free to leave.  Thus, the trial court committed
 no clear error regarding the lawfulness of this stop.
Further, evidence in the
 record supports the trial court's finding that the discovery of a firearm in
 plain view was a separate incident which led to the finding of the drugs. 
 After Johnson entered the flower shop, the first officer and a backup officer
 were walking back to their cars.  At that time, the backup officer noticed a
 firearm on the floorboard of the driver's side of Johnson's car, through the
 passenger-side window.  The officers then arrested Johnson for a firearm
 violationpursuant to section 16-23-20 of
 the South Carolina Code (2003).  An inventory search of the car led to the discovery
 of drugs in the armrest of the car.  Therefore, the trial court's denial of the
 motion to suppress is supported by the evidence. 
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur. 

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.